THIS ORDER IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

May 23, 2024

Opposition No. 91285160

*DoorDash, Inc.*

*v.*

*Greenerside Holdings, LLC*

**M. Catherine Faint,**
**Interlocutory Attorney:**

Before the Board is Opposer's second motion, filed December 8, 2023, to strike

Applicant's sole affirmative defense.[1]

---

[1] Citations to the record refer to TTABVUE, the Board's online docketing system. *See Turdin v. Trilobite, Ltd.*, Conc. No. 94002505, 2014 TTAB LEXIS 17, at *6 n.6 (TTAB 2014). Specifically, the number preceding TTABVUE corresponds to the docket entry number, and any number(s) following TTABVUE refer to the page number(s) of the docket entry where the cited materials appear.

As part of an internal Board pilot citation program on broadening acceptable forms of legal citation in Board cases, citations in this order differ from the citation form recommended in TBMP § 101.03. This order cites decisions of the U.S. Court of Appeals for the Federal Circuit and the U.S. Court of Customs and Patent Appeals by the page(s) on which they appear in the Federal Reporter (*e.g.*, F.2d, F.3d, or F.4th). For orders of the Board, this order employs citations to the Lexis legal database and cites only precedential decisions. Until further notice, however, practitioners should continue to adhere to the practice set forth in TBMP § 101.03.

Precedential decisions of the Board, and precedential decisions of the Federal Circuit involving Board decisions that issued January 1, 2008, or after may be viewed in TTABVUE by entering the proceeding number, application number, registration number, expungement/reexamination number, mark, party, or correspondent. Many precedential Board decisions that issued from 1996 to 2008 are available online from the TTAB Reading Room by entering the same information. Most TTAB decisions that issued prior to 1996 are not available in USPTO databases.

On November 1, 2023, the Board issued an order granting Opposer's prior motion to strike all of Applicant's affirmative defenses and allowing Applicant time to replead the non-futile defenses. Applicant filed an amended answer repleading its putative defense of "unclean hands." Opposer seeks to strike that defense.

## I. Motion to Strike

Applicant's amended unclean hands affirmative defense alleges: 1) Opposer has engaged in "trademark bullying;"[2] 2) Opposer is among the top filers of TTAB proceedings; 3) Opposer previously opposed a "significant number of applications" on "dubious, weak or exaggerated" grounds; 4) Applicant is a small business that suffers harm through Opposer's litigation tactics; 5) Opposer's "longstanding and habitual practice of trademark bullying" in which Opposer engages establishes unclean hands and bars relief to Opposer; and 6) "misuse of a trademark" gives rise to an unclean hands defense.[3]

Opposer argues Applicant does not adequately plead a defense of unclean hands, because Applicant's assertion of the defense is conclusory and unsupported by facts

---

[2] Applicant further defines "trademark bullying" as behavior from a trademark owner that uses its trademark rights to harass and intimidate another beyond what the law may consider reasonable. 11 TTABVUE 5. One commentator has defined "trademark bullying" as conduct by a trademark owner that 1) asserts an "unreasonably inflated view" of the exclusive scope of its mark; 2) is overly aggressive in making demands that are not proportional to the objected to conduct; 3) is a sizeable company with substantial assets compared to 4) the smaller business owner accused of using a confusingly similar mark. 2 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 11:92 (5th ed. Westlaw 2023) (citing Leah Chan Grinvald, *Shaming Trademark Bullies*, 2011 Wisc. L. Rev. 625, 642 (2011)).

[3] 11 TTABVUE 5.

that would establish inequitable conduct; and that the Board has consistently rejected an equitable defense of unclean hands based on "trademark bullying."[4]

In response, Applicant argues it has properly pleaded unclean hands by alleging "specific malfeasant behavior that gives rise to the unclean hands defense," specifically "filing groundless oppositions with the TTAB."[5]

Pursuant to Fed. R. Civ. P. 12(f)(1) and (2), the Board may strike from a pleading any insufficient or impermissible defense, or any redundant, immaterial, impertinent or scandalous matter either upon its own initiative or upon motion by a party. *See Topco Holdings, Inc. v. Hand 2 Hand Indus., LLC*, Opp. No. 91267988, 2022 TTAB LEXIS at *12-14 (TTAB 2022) (on its own initiative, Board struck applicant's first affirmative defense and reservation of rights defense); *Order of Sons of Italy in Am. v. Profumi Fratelli Nostra AG*, Opp. No. 91093618, 1995 TTAB LEXIS 9, at *6 (TTAB 1995) (granting in part opposer's motion to strike as redundant defenses that constituted "nothing more" than restatements of prior denials to allegations of disparagement, contempt and/or disrepute); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 506 (2023).

A defense must contain sufficient factual allegations with enough detail to provide a plaintiff fair notice of the basis for the defense. *See* Fed. R. Civ. P. 8(b)(1). *See also Nike, Inc. v. Palm Beach Crossfit, Inc.,* Opp. No. 91218512, 2015 TAB LEXIS 314, at *10 (TTAB 2015) (claims and defenses must provide sufficient factual detail to

---

[4] 12 TTABVUE 6.

[5] 15 TTABVUE 2-3.

provide fair notice); *IdeasOne, Inc. v. Nationwide Better Health, Inc.*, Can. No. 92049636, 2009 TTAB LEXIS 86, at *4 (TTAB 2009) (defense must be specific enough to provide fair notice); TBMP § 311.02(b)(1) ("The elements of a defense should be stated simply, concisely, and directly. However, the pleading should include enough detail to give the plaintiff fair notice of the basis for the defense."). An unclean hands defense must be supported by specific allegations of misconduct by a plaintiff that, if proved, would prevent the plaintiff from prevailing on its claim. *See Midwest Plastic Fabricators, Inc. v. Underwriters Labs., Inc.*, Can. No. 92015133, 1987 TTAB LEXIS 22, at *5 (TTAB 1987). Furthermore, the misconduct must be related to the plaintiff's claim. *See Tony Lama Co. v. Di Stefano*, Can. No. 92011422, 1980 TTAB LEXIS 6, at *7 (TTAB 1980).

The Trademark Act does not refer to "trademark bullying" explicitly or even implicitly. Rather, it provides for a trademark owner to protect its mark from confusing uses that may infringe upon an owner's rights through court litigation,[6] and for parties who believe they would be damaged by the registration of a mark on the Principal Register to oppose or petition to cancel such registration before the Board.[7] In cases before the Board, a plaintiff may allege that a defendant's mark so resembles plaintiff's mark as to be likely, when used on or in connection with the goods or services of the defendant, to cause confusion, or to cause mistake or to

---

[6] Section 32(a) of the Trademark Act, 15 U.S.C. § 1114(1).

[7] Sections 13 and 14 of the Trademark Act, 15 U.S.C. §§ 1063 and 1064.

deceive.[8] In the context of trademark infringement litigation, courts have awarded sanctions as a result of litigation grounded in "over-aggressive trademark enforcement" with no reasonable basis for recovery.[9] Applicant essentially argues that Opposer's claims of likelihood of confusion here overreach, and that as a result Opposer has unclean hands.[10]

The Board has considered unclean hands based on "overzealous enforcement" and found the affirmative defense is not established by a registrant "seek[ing] to protect its rights in its registered marks, and preclud[ing] the registration of what it believes to be a confusingly similar mark." *Time Warner Entm't Co. v. Jones*, Opp. No. 91112409, 2002 TTAB LEXIS 462, at *2 n.4 (TTAB 2002) (rejecting "equitable 'unclean hands' defense based on opposer's allegedly overzealous enforcement of its trademark rights" because every trademark owner has right to protect its trademark) (quoting *Avia Grp. Int'l, Inc. v. Faraut*, Can. No. 92019382, 1992 TTAB LEXIS 62, at *5-*6 (TTAB 1992)). The Board has also rejected a proposed pleading that asserted a

---

[8] Section 2(d) of the Trademark Act , 15 U.S.C. § 1052(d).

[9] MCCARTHY, *supra* note 2 at § 11:93. Courts have allowed an unclean hands defense based on misuse of a trademark to violate antitrust laws where the defendant has proven the "trademark itself" is used to accomplish the violation. *Id.* § 31:91. However bad intentions alone do not form the basis for a defense of unclean hands. *Id.* § 31:46-47.

[10] 15 TTABVUE 3. Applicant cites to four cases in its amended answer and in its response brief: *St. Louis Janitor Supply Co. v. Abso-Clean Chem. Co.*, Can. No. 92010912, 1977 TTAB LEXIS 120, at *6 (TTAB 1977); *Dow Corning Corp. v. Doric Corp.*, Opp. No. 91054314, 1976 TTAB LEXIS 3, at *21 (TTAB 1976); *Rieser Co., v. Munsingwear, Inc.*, Opp. No. 91039087, 1961 TTAB LEXIS 43, at *3 (TTAB 1961); and *Scovill Mfg. Co. v. Stocko Metallwarenfabriken Henkels und Sohn KG*, Opp. No. 91056231, 1976 Commr. Pat. LEXIS 20 at *5 (Comm'r Pats. 1976). These cases involve allegations of trademark misuse, that a plaintiff claims to own a trademark when it does not, as a  possible form of unclean hands defense. They do not mention or support a putative defense of trademark bullying.

registrant was misusing its registrations in violation of antitrust laws and the law of unfair competition, finding,

> there is nothing in respondent's proposed pleading to suggest that petitioner has done anything other than seek to protect its rights in its registered marks, and preclude the registration of what it believes to be a confusingly similar mark, a right which every trademark owner possesses under the Lanham Act.

*Avia Grp.*, 1992 TTAB LEXIS 62, at *6 (citations omitted).

In this instance, Opposer pleads likelihood of confusion based on its registrations and is likewise merely exercising its right to protect its marks. A defense, as with any pleading, must contain sufficient factual matter to give rise to a particular defense. *See, e.g., Lacteos de Honduras S.A. v. Industrias Sula, S. de R.L. de C.V.*, Opp. No. 91243095, 2020 TTAB LEXIS 13, at *4, (TTAB 2020) ("A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up)). There must be more than threadbare recitals supported by conclusory statements. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Applicant's mere characterization of Opposer's prior opposition activity as "bullying," or assertion of "dubious, weak or exaggerated" claims, does not constitute a sufficient allegation of facts to support an unclean hands defense.

Accordingly, Opposer's motion to strike is **granted** and the affirmative defense of "unclean hands" is stricken from Applicant's amended answer. As the allegations do not support the pleaded affirmative defense, Applicant may not replead it.

Opposition No. 91285160

## II. Schedule

Proceedings are resumed. Dates are reset as set out below.

| | |
|---|---|
| Initial Disclosures Due | 6/15/2024 |
| Expert Disclosures Due | 10/13/2024 |
| Discovery Closes | 11/12/2024 |
| Plaintiff's Pretrial Disclosures Due | 12/27/2024 |
| Plaintiff's 30-day Trial Period Ends | 2/10/2025 |
| Defendant's Pretrial Disclosures Due | 2/25/2025 |
| Defendant's 30-day Trial Period Ends | 4/11/2025 |
| Plaintiff's Rebuttal Disclosures Due | 4/26/2025 |
| Plaintiff's 15-day Rebuttal Period Ends | 5/26/2025 |
| Plaintiff's Opening Brief Due | 7/25/2025 |
| Defendant's Brief Due | 8/24/2025 |
| Plaintiff's Reply Brief Due | 9/8/2025 |
| Request for Oral Hearing (optional) Due | 9/18/2025 |

**Important Trial Briefing Instructions**

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Such briefs should utilize citations to the TTABVUE record created during trial, to facilitate the Board's review of the evidence at final hearing. *See* TBMP § 801.03. Oral argument at final

hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).

***